UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAYTON SHELDON CREEK, | * | CIV 14-4141-RAL |
| | * | |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| vs. | * | DISMISSING PETITION |
| | * | FOR HABEAS CORPUS |
| ROBERT DOOLEY, | * | |
| | * | |
| Respondent. | * | |

Petitioner Clayton Sheldon Creek filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 9, 2014. Doc. 1. Creek also filed Petitioner's "Motion Regarding Prison Litigation Reform Act." Doc. 2. Creek is well known to this Court based on his multiple past filings.

Creek is an inmate at the South Dakota State Penitentiary having pleaded guilty to one count of second degree rape on November 30, 1999, in the Seventh Judicial Circuit, Pennington County, South Dakota. Creek v. Weber, No. 08-3009, 2008 WL 2368670, at *1 (D.S.D. June 10, 2008). Creek listed in this § 2254 petition his conviction on one count of forgery and one count of offering false instrument for recording in the Second Judicial Circuit, Minnehaha County. In this Petition, Creek's primary challenge is to the validity of the order debarring him from further court filings. Doc. 1.

Creek has filed twenty-two previous lawsuits in this court prior to commencing this action. See Creek v. Kaemingk, Civ. 13-5065-RAL, Doc. 9 (November 5, 2013) (citing to twenty-one previous federal lawsuits filed by Creek); Creek v. Weber, Civ. 12-4188-RAL, Doc. 3 (December 28, 2012); see also Creek v. United States, CIV 11-3005-RAL, Doc. 7 (February 9, 2011) (outlining Creek's nineteen previous suits and their outcomes, and then dismissing the

case that was in front of this Court at the time). He has "filed a multitude of prior actions under 28 U.S.C. § 2254." Creek, 2008 WL 2368670, at *1. Three of Creek's previous actions were dismissed for failure to exhaust state habeas remedies, while five others were dismissed as improper successive petitions filed without obtaining an order from the United States Court of Appeals for the Eighth Circuit. Id. (outlining previous dispositions and dismissing case as improper successive habeas petition); Creek v. Kaemingk, Civ. 13-5065-RAL, Doc. 9 (November 5, 2013); Creek v. Weber, CIV 12-4188-RAL, Doc. 3 (December 28, 2012). Creek has been sanctioned by the Supreme Court of South Dakota for repeated frivolous filings, and state courts in South Dakota are not required to accept his filings without prior court approval. Creek, 2008 WL 2368670, at *1 n.1.

The Antiterrorism and Effective Death Penalty Act provides in relevant part that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Similarly, Rule 9 of the Rules Governing § 2254 in United States District Courts states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." See Creek, 2008 WL 2368670, at *1 (internal quotation marks omitted). Creek has not received an appropriate order from the Eighth Circuit to again present another claim under § 2254. Therefore, his petition must be dismissed as an improper successive appeal.

Indeed, Creek's current case did not have to be accepted for filing at all. In Creek v. Weber, CIV 04-4021-LLP, the Honorable Lawrence Piersol reviewed the denial of Creek's state

court habeas petition, dismissed the federal habeas petition on the merits, and denied a certificate of appealability.  CIV 04-4021-LLP, Doc. 24 (September 16, 2004).  Creek appealed and the Eighth Circuit affirmed the denial of the certificate.  Judge Piersol then ordered that the Clerk of Court not accept further motions from Creek.  CIV 04-4021-LLP, Doc. 34 (June 28, 2005).  Part of a later order entered by the Honorable Charles B. Kornmann in <u>Creek v. Trimble</u>, CIV 05-3028-CBK (October 5, 2005), directed the Clerk of this Court "not to accept any further filings by Clayton S. Creek without previous written authorization from this Court." <u>Creek</u>, CIV 11-3005-CBK (February 9, 2011).

      Part of Creek's current Petition seeks to challenge these orders.  Again, the Petition is successive and its merits need not be addressed anyway.  Even so, the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claims upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A court order enforcing § 1915(g) with respect to Creek is appropriate, where the Court leaves a mechanism to consider a petition so as to ensure that a prisoner is not "under imminent danger of physical injury."  Thus, Creek's § 2254 challenge to being debarred from further civil case filings is mistaken.  Creek did not receive this Court's previous written authorization to file this new action, there is no indication that Creek is "under imminent danger of serious physical injury," and his Petition nevertheless has been filed.  For the reasons explained, Creek's Petition must now be dismissed.

Therefore, it is hereby

ORDERED that Creek's Petition for Writ of Habeas Corpus, Doc. 1, is denied and no certificate of appealability will issue. It is further

ORDERED that Creek's "Motion Regarding Prison Litigation Reform Act," Doc. 2, is denied. It is further

ORDERED that under 28 U.S.C. § 1915(g), Creek, unless in "imminent danger of serious physical injury," may not file any new federal civil case absent paying the filing fee in full.

Dated October 16, 2014.

                BY THE COURT:


                /s/ *Roberto A. Lange*
                ROBERTO A. LANGE
                UNITED STATES DISTRICT JUDGE